# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BlueScope Steel Ltd., <br> BlueScope Steel (AIS) Pty Ltd., and <br> BlueScope Steel Americas, Inc., <br><br> **Plaintiffs,** <br><br> v. <br><br> United States, <br><br> **Defendant.** | Court No. 19-00057 |

## COMPLAINT

Plaintiffs BlueScope Steel Ltd., BlueScope Steel (AIS) Pty Ltd. and BlueScope Steel Americas (jointly, "BlueScope"), by and through its counsel, state the following claims against the Defendant, the United States:

1. Plaintiffs seek judicial review of the U.S. Department of Commerce's ("Commerce") final determination of sales at less than fair value in the antidumping administrative review of certain hot-rolled steel flat products from Australia, covering the period March 22, 2016 to September 30, 2017.  *See Certain Hot-Rolled Steel Flat Products from Australia: Final Results of Antidumping Duty Administrative Review, 2016-2017*, 84 Fed. Reg. 18,241 (April 30, 2019).

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final affirmative less than fair value determination issued by Commerce under 19 U.S.C. § 1675.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiffs BlueScope Steel Ltd. and BlueScope Steel (AIS) Pty Ltd. are foreign producers and/or exporters of hot-rolled steel flat products from Australia ("subject merchandise") who were parties to the antidumping administrative review determination now being challenged.  Plaintiff BlueScope Americas Inc. is BlueScope Steel Ltd.'s wholly-owned U.S. importer of subject merchandise who was also a party to the administrative review determination now being challenged.  Plaintiffs BlueScope Steel Ltd., BlueScope Steel (AIS) Pty Ltd., and BlueScope Steel Americas Inc. are interested parties as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and Plaintiffs fully participated in the proceeding being challenged.  Therefore, Plaintiffs have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. §2631(e).

## TIMELINESS OF THIS ACTION

4. Commerce published its notice of the *Final Results of Antidumping Duty Administrative Review* on April 30, 2019, 84 Fed. Reg. 18,241.

5. This action was commenced with the filing of the Summons on May 8, 2019, within 30 days of the publication of the Final Determination.  Accordingly, this action is timely filed.  19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. On December 7, 2017, Commerce published its notice of initiation of an administrative review covering certain hot-rolled steel flat products from Australia manufactured and

exported by Plaintiff BlueScope. 82 Fed. Reg. 57,705, 57,707. That same day, Commerce issued the antidumping questionnaire to BlueScope covering exports during the review period.

7. On January 8, 2018, BlueScope submitted its complete response to section A of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

8. On January 23, 2018, BlueScope submitted its responses to most of section B and section C of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

9. On February 2, 2018, BlueScope submitted its responses to the remainder of section B and section D of Commerce's antidumping questionnaire, again fully in accordance with the deadlines established by Commerce

10. On February 8, 2018, BlueScope submitted its response to section E of Commerce's questionnaire, fully in accordance with the deadlines established by Commerce.

11. On February 11, 2018, Commerce issued a supplemental questionnaire relating to section A of the antidumping questionnaire. BlueScope submitted its response to this supplemental questionnaire on February 22, 2018, in accordance with the deadlines established by Commerce.

12. On February 26, 2018, Commerce issued a supplemental questionnaire relating to sections B and C of Commerce's antidumping questionnaire. BlueScope submitted its response to this supplemental questionnaire on March 12, 2018, in accordance with the deadlines established by Commerce.

13. On April 9, 2018, Commerce issued a second supplemental questionnaire relating to sections B through E of Commerce's antidumping questionnaire. On April 30, 2018, BlueScope submitted its response to most of this supplemental questionnaire, in accordance with the deadlines established by Commerce. On May 7, 2018, BlueScope

submitted its response to the remaining parts of Commerce's questionnaire, again in accordance with the deadlines established by Commerce.

14. On July 2, 2018, Commerce issued a second supplemental questionnaire governing section A and a third supplemental questionnaire governing sections B and C of Commerce's questionnaire. BlueScope submitted its response to the supplemental questionnaire for section A on July 16, 2018, and its response to most of the supplemental questionnaire for sections B and C of Commerce's questionnaire on July 19, 2018. BlueScope submitted its response to the remainder (two questions) of Commerce's B and C questionnaires on July 23, 2018. All of these questionnaire responses were submitted in a timely fashion, fully in accordance with the deadlines established by Commerce.

15. On August 27, 2018, petitioner U.S. Steel Corp. ("USX") submitted a letter urging Commerce to reject all of BlueScope's questionnaire responses and to apply total adverse facts available ("AFA") to determine BlueScope's less-than-fair-value margins in the administrative review.

16. On August 30, 2018, Commerce held an ex-parte meeting with the attorneys for USX concerning the issues USX had raised in this administrative review.

17. On September 6, 2018, BlueScope submitted a letter rebutting every one of USX's grounds for applying AFA

18. On November 14, 2018, Commerce published its preliminary determination in the administrative review of BlueScope's exports of *Certain Hot-Rolled Steel Flat Products from Australia*. 83 Fed. Reg. 56,817. The preliminary determination was accompanied by an unpublished Issues and Decision Memorandum.

19. On December 14, 2018, BlueScope submitted its case brief to Commerce in this administrative review.

20. On April 25, 2019, Commerce issued its final determination in this administrative review, affirming all of its preliminary determination and applying an antidumping duty rate of

99.2 percent, again in accordance with its preliminary determination. The final determination was accompanied by an Issues and Decision Memorandum.

21. On April 30, 2019, Commerce published its final determination in the Federal Register. *Certain Hot-Rolled Steel Flat Products from Australia,* 84 Fed. Reg. 18,241 (hereafter, "Final Determination").

## STATEMENT OF CLAIMS

22. In the following respects, and for other reasons apparent from the administrative record of Commerce's administrative review, the Final Determination is not supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:  Commerce's determination to apply total AFA to BlueScope based on its finding that BlueScope withheld requested information is contradicted by evidence of record and therefore is not supported by substantial information.**

23. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 22.

24. Commerce's Issues and Decision Memorandum ("I&D Memo") accompanying its Final Determination claimed that BlueScope did not "clarify the inconsistencies between its original narrative response and Q&V reporting…consistent with its narrative response to the original questionnaire. This statement is contradicted by the facts of record.

25. Commerce's I&D Memo stated that BlueScope failed "to report its sales by affiliates either to the United or home market." This statement is contradicted by the facts of record.

26. Other claims in the I&D Memo that BlueScope failed to provide requested information are contradicted by the facts of record.

**Count 2:  Commerce's determination to apply total AFA to BlueScope based on its finding that BlueScope made significant unsolicited and unexplained changes to is database is contradicted by evidence of record and therefore is not supported by substantial information.**

27. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 26

34623120

28. Commerce's I&D Memo stated that BlueScope "made significant unsolicited and unexplained changes to its fourth consolidated market sales database." I&D Memo, 11. This finding is not supported by evidence of record, which details and explains every single change in BlueScope's responses.

**Count 3: Commerce's determination to apply total AFA to BlueScope based on its finding that BlueScope significantly impeded the administrative review is contradicted by evidence of record and therefore is not supported by substantial information.**

29. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 28

30. Commerce's finding that BlueScope significantly impeded the administrative review is contradicted by the fact that BlueScope fully responded to every single question in every one of Commerce's multiple questionnaires, explaining every response in detail.

**Count 4: Commerce's determination to apply total AFA to BlueScope based on its finding that "BlueScope failed to cooperate by not acting to the best of its ability" is contradicted by the evidence of record and therefore is not supported by substantial information.**

31. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 30.

32. Commerce's finding that BlueScope failed to cooperate by not acting to the best of its ability is contradicted by the evidence of record.

**Count 5: Commerce's application of total AFA to BlueScope represents an unexplained departure from its actions in previous administrative reviews, and from all administrative reviews of the same product from other countries, conducted contemporaneously with this administrative review.**

33. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 32.

34. As BlueScope detailed in its Case Brief to Commerce, in all previous proceedings where Commerce determined to apply total facts available, the respondent either failed to verify the information it had provided, or refused to respond to Commerce's antidumping questionnaire. That was not BlueScope's situation. Commerce's application of total

AFA to BlueScope therefore represented a significant and unexplained departure from its previous actions.

35. The administrative review of hot-rolled flat steel products from Australia was initiated and conducted at the same time as administrative reviews of hot-rolled flat steel products from Japan, Korea and Taiwan.  In those other investigations, the petitioners requested that Commerce apply total facts available to six other foreign steel producers.  In no other proceeding did Commerce apply total AFA.  Commerce's action in hot-rolled steel from Australia therefore represented an anomalous and unexplained departure from its precedent in other cases.

36. While Commerce may depart from its consistent practice in other cases, it must explain why it is doing so.  Failure to explain its anomalous treatment of BlueScope means that Commerce's determination for Australia is not otherwise in accordance with law.

**Count 6: Commerce's application of total AFA to BlueScope is not in accordance with law as Commerce failed to provide BlueScope with notice of the deficiencies or provide it an opportunity to correct any those deficiencies as required by 19 U.S.C. § 1677e(a) and 19 U.S.C. § 1677m(d).**

37. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 36.

38. Commerce issued its preliminary and Final Determination in this case without previously notifying BlueScope that it considered BlueScope's responses to be deficient or offering BlueScope an opportunity to provide additional information or correct the deficiencies.

39. 19 U.S.C. § 1677e(a) requires that Commerce's decision to apply adverse facts available is "subject to section 1677m(d) of this title."  19 U.S.C. § 1677m(d) requires that Commerce give BlueScope both notice of the deficiencies and offer it a chance to correct any such deficiencies with the submission of additional information.

40. Commerce did not notify BlueScope of its determination that it considered BlueScope's responses to be deficient until it issued its preliminary determination.  Commerce never provided BlueScope with an opportunity remedy or explain what it felt were the deficiencies in BlueScope's response.

41. Commerce's failure to inform BlueScope of what it found to be deficiencies in its Final Determination, or to offer BlueScope an opportunity to correct those deficiencies, is contrary to the requirement of 19 U.S.C. § 1677m(d) and therefore was not in accordance with law.

**Count 7: Commerce application of an AFA rate to BlueScope based on no actual BlueScope sale in either market, when other information was available showing BlueScope's actual sales prices, was not in accordance with law.**

42. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 41.

43. Commerce applied an AFA rate of 99.2 percent to BlueScope, based on a single allegation of an "offer for sale" in 2015, contained in the original petition filed in Certain Hot-Rolled Flat Steel Products from Australia. Commerce, however, had in its possession numerous actual BlueScope sales prices submitted in the course of the original investigation, covering sales in 2016 and 2017. Commerce also possessed extensive BlueScope sales prices submitted during the course of this review. Commerce's refusal to examine any actual sales prices submitted in *any* phase of the proceeding, in favor of obsolete data that did not reflect a single actual sale, was not in accordance with law.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiffs pray this Court enter judgment as follows:

A. Enter judgment in favor of Plaintiffs

B. Hold as unlawful Commerce's final results of the administrative review of Certain Hot-Rolled Flat Steel from Australia.

C. Remand this proceeding to Commerce with instructions to publish a revised Final Determination using the information submitted by BlueScope in the course of this administrative review; and

D. Grant Plaintiffs such additional relief as the Court may deem just and proper.

                                          Respectfully submitted,

                                          /s/ Christopher A. Dunn

                                          Christopher A. Dunn

                                          Curtis, Mallet-Prevost, Colt & Mosle LLP
                                          1717 Pennsylvania Ave. N.W.
                                          Washington, D.C. 20006
                                          Tel. (202) 452-7373

                                          *Counsel for Plaintiffs BlueScope Steel Ltd.,*
                                          *BlueScope Steel (AIS) Pty Ltd. and BlueScope*
                                          *Steel Americas, Inc.*

May 8, 2019

34623120