Slip Op. 22–102

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BLUESCOPE STEEL LTD., BLUESCOPE STEEL (AIS) PTY LTD., and BLUESCOPE STEEL AMERICAS, INC., | : : : : |
| Plaintiffs, | : Before: Richard K. Eaton, Judge |
| v. | : Court No. 19-00057 |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| UNITED STATES STEEL CORP., ET AL., | : |
| Defendant-Intervenors. | : |

**OPINION**

[Remand Results are sustained.]

Dated: August 30, 2022

*Christopher A. Dunn* and *Daniel L. Porter*, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Plaintiffs BlueScope Steel Ltd., BlueScope Steel (AIS) Pty Ltd., and BlueScope Steel Americas, Inc.

*Kelly A. Krystyniak*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant the United States. With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director. Of counsel on the brief was *Spencer Neff*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

*Sarah E. Shulman* and *Thomas M. Beline*, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corp.

Eaton, Judge: Before the court are the U.S. Department of Commerce's ("Commerce" or the "Department") Final Results of Redetermination pursuant to the court's order in *BlueScope*

*Steel Ltd. v. United States*, 45 CIT __, 548 F. Supp. 3d 1351 (2021) ("*BlueScope I*") and the parties' submissions. *See* Final Results of Redetermination Pursuant to Court Remand (Apr. 12, 2022), ECF No. 72 ("Remand Results"); *see also* Pls.' Cmts. Supp. Remand Results, ECF No. 74 ("Pls.' Cmts."); Def.'s Resp. Pls.' Submission Regarding Remand Results, ECF No. 75 ("Def.'s Resp."). Defendant-Intervenors U.S. Steel Corporation, Steel Dynamics, Inc., and SSAB Enterprises LLC have not filed comments on the Remand Results. *See* Letter from Cassidy Levy Kent (USA) LLP to Court (July 7, 2022), ECF No. 76; *see also* Letter from Schagrin Associates to Court (July 7, 2022), ECF No. 77.

By their comments, Plaintiffs BlueScope Steel Ltd., BlueScope Steel (AIS) Pty Ltd., and BlueScope Steel Americas, Inc. ("Plaintiffs") submit that Commerce has complied with the court's remand order in *BlueScope I*, and ask the court to sustain the Remand Results. *See* Pls.' Cmts. at 1-2. For its part, the United States, on behalf of Commerce, likewise maintains that Commerce has complied with the court's instructions, and, there being no further dispute in this matter, asks the court to sustain the Remand Results. *See* Def.'s Resp. at 1-2.

For the reasons below, the uncontested Remand Results are sustained.

## BACKGROUND

Plaintiffs commenced this action to question the final results of Commerce's first administrative review of the antidumping duty order on hot-rolled steel flat products from Australia. *See Certain Hot-Rolled Steel Flat Prods. From Austl.*, 84 Fed. Reg. 18,241 (Dep't Commerce Apr. 30, 2019) ("Final Results") and accompanying Issues and Decision Mem.

(Apr. 23, 2019) ("Final IDM"), PR 122.[1] Specifically, by their motion for judgment on the agency record, Plaintiffs "challenge[d] Commerce's decision to use facts available to replace all of BlueScope's[2] information, and to apply adverse inferences to those facts." *BlueScope I*, 45 CIT at __, 548 F. Supp. 3d at 1357; *see also* 19 U.S.C. § 1677e(a), (b) (2018). Using "total" adverse facts available,[3] Commerce assigned BlueScope a final dumping margin of 99.20 percent.[4]

In *BlueScope I*, familiarity with which is presumed, the court remanded certain matters to Commerce after finding that portions of the Final Results were unsupported by substantial evidence and otherwise not in accordance with law:

> [T]he Department's use of facts available, under 19 U.S.C. § 1677e(a) based on BlueScope's alleged withholding of requested information by failing to provide it in the form and manner requested, is remanded for the agency to determine whether there was in fact a gap in the record; . . .
>
> [T]he Department shall use BlueScope's quantity and value (Section A) submissions, absent a reasoned explanation as to why the form and manner of its submissions prevent[] the Department from discerning ([a]) the total quantity and

---

[1] "PR" refers to the public record. "PRR" refers to the public remand record. "CRR" refers to the confidential remand record.

[2] References to "BlueScope" are to the sole mandatory respondent, a collapsed entity comprised of Plaintiff BlueScope Steel Ltd. and two of its Australian affiliates that produced and distributed subject merchandise during the period of review.

[3] As the court noted in *BlueScope I*: "'Total adverse facts available' is not defined by statute or agency regulation. Commerce uses this term 'to refer to [its] application of adverse facts available . . . to the facts respecting *all of respondents' production and sales information that the Department concludes is needed for an investigation or review*.'" 45 CIT at __, 548 F. Supp. 3d at 1354 n.2 (quoting *Nat'l Nail Corp. v. United States*, 43 CIT __, __, 390 F. Supp. 3d 1356, 1374 (2019) (emphasis added) (citation omitted)) (declining to adopt Commerce's language).

[4] Though BlueScope was the sole mandatory respondent in this review, its rate was not used to determine an all-others rate. *See* Final Results, 84 Fed. Reg. at 18,242 (stating "the cash deposit rate for all other manufacturers or exporters will continue to be 29.58 percent, the all-others rate established in the original investigation"). In this case, unlike in *YC Rubber Company (North America) LLC v. United States*, no party has challenged Commerce's determination of the all-others rate. *See YC Rubber Co. (N. Am.) LLC v. United States*, No. 2021-1489, 2022 WL 3711377 (Fed. Cir. Aug. 29, 2022) (not reported in the Federal Reporter).

> value of U.S. sales of further processed merchandise made by [BlueScope Steel Ltd.'s U.S. affiliate] Steelscape LLC; ([b]) whether Steelscape made the only sales that could serve as the basis of constructed export price during the period of review; ([c]) the total quantity and value of subject merchandise entered into the United States; and ([d]) whether sales by [BlueScope Steel Ltd.'s Australian affiliate] Australian Iron & Steel to BlueScope Steel Americas represented the total quantity and value of those entries; . . .
> Commerce shall comply with its obligation, under 19 U.S.C. § 1677m(d), to notify BlueScope of the nature of the alleged deficiencies in its Section A and Section C responses concerning the U.S. sales reconciliation, and provide an opportunity to remediate; . . .
>
> Commerce shall likewise notify BlueScope of the nature of the alleged deficiencies in its Section B responses concerning its home market sales reconciliation, and provide an opportunity to remediate; . . .
>
> [I]f, on remand, Commerce continues to find that the use of facts available is warranted, and makes the additional, distinct finding that the application of adverse inferences is warranted because BlueScope failed to cooperate "to the best of its ability," under 19 U.S.C. § 1677e(b), then it shall support this finding with substantial evidence.

*BlueScope I*, 45 CIT at __, 584 F. Supp. 3d at 1369.

On remand, Commerce, on its own initiative, "issued a supplemental questionnaire to BlueScope to address deficiencies in BlueScope's responses, to which it provided timely responses." Remand Results at 3. Also, Commerce "reexamined and reevaluated the record of the instant administrative review and considered comments on [its] Draft Remand Results." Remand Results at 3.

On April 12, 2022, Commerce issued the Remand Results. There, Commerce found that the use of facts available was not necessary based on the record, as supplemented on remand:

> We find for these final results of redetermination that we are able to tie BlueScope's reported [quantity and value] information to the sales databases provided, as well as to tie changes BlueScope made to its home market sales databases to its narrative responses. Given there is no gap in the administrative record, we find it inappropriate to base BlueScope's final dumping margin on facts available, and have recalculated the company's individual dumping margin.

Remand Results at 6. Having found the use of facts available was not required under the first step of the two-step analysis (*i.e.*, under 19 U.S.C. § 1677e(a)), Commerce necessarily did not apply adverse facts available in the Remand Results. *See* Remand Results at 3 ("Consequently, for the purposes of these final results of redetermination, we determine that BlueScope has provided timely and complete responses such that the application of facts available is unnecessary and, consequently, we find that the application of AFA is no longer warranted."); *see also BlueScope I*, 45 CIT at __, 548 F. Supp. 3d at 1357-58 (citing *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1381 (Fed. Cir. 2003)) (describing application of adverse facts available as a two-step process). Ultimately, Commerce "calculated a weighted-average dumping margin of 4.95 percent for BlueScope" based on the respondent's information. *See* Remand Results at 3.

## STANDARD OF REVIEW

The court will sustain a determination by Commerce unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

On remand, Commerce reconsidered whether there was a gap in the factual record and gave BlueScope notice and an opportunity to remediate any deficiencies in its responses to Commerce's Section A (general information, including the quantity and value of the company's U.S. and home market sales), Section B (home market sales), and Section C (U.S. sales) questionnaires, as directed by the court. After issuing a supplemental questionnaire, reviewing BlueScope's response, and reevaluating the evidence of record, Commerce found there was no factual gap:

> We find there is no gap in the record (*i.e.*, with respect to BlueScope's [quantity and value] reporting, U.S. sales reconciliation, or home market sales database), and U.S. Steel fails to point to any gaps that would warrant the application of facts available, much less AFA. Indeed, the record contains all information required to calculate BlueScope's margin.

Remand Results at 22. In other words, the Department found it had the record information it needed to determine a dumping margin for BlueScope based on the company's own reported information, thus obviating the need to resort to facts otherwise available. *See BlueScope I*, 45 CIT at __, 548 F. Supp. 3d at 1357-58 (citing *Nippon Steel*, 337 F.3d at 1381). Accordingly, Commerce calculated a 4.95 percent weighted-average dumping margin for BlueScope. *See* Remand Results at 3 (citing Final Results of Redetermination Analysis Mem. for BlueScope (Apr. 12, 2022), PRR 25, CRR 74).

No party contests Commerce's findings on remand. *See* Pls.' Cmts. at 1-2 (maintaining that the Remand Results comply with the court's order, and the "new substantive decision set for[th] in Commerce's Remand [Results] rendering a calculated . . . weighted-average dumping margin of 4.95 percent for BlueScope fully reflects the evidentiary record before Commerce and the applicable law. Specifically, the complete evidentiary record before Commerce fully supports Commerce's Remand Redetermination conclusion that, in light of the additional factual information that Commerce sought and received from BlueScope during the remand proceeding, application of adverse facts available is no longer warranted."); *see also* Def.'s Resp. at 2 ("Commerce has fully complied with the Court's remand order in this case, and no party challenged the Remand Results. Indeed, the only party to comment on the Remand Results, BlueScope, commented in support, stating that Commerce's Remand Results fully complied with this Court's opinion and reflected the evidentiary record of the proceeding. . . . For these reasons,

we respectfully request that the Court sustain Commerce's remand results and enter final judgment in favor of the United States.").

Commerce has complied with the court's remand instructions, and its findings on remand are supported by substantial evidence and in accordance with law. Accordingly, the court sustains the Remand Results.

## CONCLUSION

Based on the foregoing, the court sustains the Remand Results. Judgment will be entered accordingly.

/s/ Richard K. Eaton
Judge

Dated: August 30, 2022
New York, New York